UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHATMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAGALY CHATMAN,<br><br>　　　　　Defendant. | No. 2:18-cv-1638-TLN-KJN PS<br><br>ORDER |

Plaintiff Eric Chatman, who proceeds in this action without counsel,[1] has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) After carefully reviewing plaintiff's complaint, the court concludes that the action should be transferred to the United States District Court for the Southern District of California.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---
[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, plaintiff, who is incarcerated in Corcoran State Prison, alleges that defendant Magaly Chatman, plaintiff's ex-wife and a resident of San Diego, California, abused, physically assaulted, and tried to kill plaintiff. Even setting aside the court's significant concerns about potential lack of federal subject matter jurisdiction, this district is plainly not the proper venue for this action. For purposes of 28 U.S.C. § 1391(b)(1), defendant does not reside in this district, because San Diego, California is located in San Diego County, which is in the Southern District of California. Additionally, for purposes of 28 U.S.C. § 1391(b)(2), the alleged events underlying plaintiff's claims took place in San Diego, California, in the Southern District of California. Even though plaintiff is presently incarcerated in the Eastern District of California, a plaintiff's residence is not relevant in determining proper venue. Furthermore, 28 U.S.C. § 1391(b)(3) does not apply in this case, because there is another district in which this action may be brought—the Southern District of California.

Therefore, the court transfers this action to the Southern District of California pursuant to 28 U.S.C. § 1406(a). In light of the transfer, the court declines to rule on plaintiff's pending motion to proceed *in forma pauperis*, which will be resolved by the Southern District of California. In transferring this action, this court also expresses no opinion regarding the merits of plaintiff's claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The action, including plaintiff's pending motion to proceed *in forma pauperis*, is TRANSFERRED to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1406(a).

2. The Clerk of Court shall close this case.[2]

---

[2] Plaintiff is instructed to direct any filings or inquiries related to this case to the United States District Court for the Southern District of California. Further information regarding that court's Local Rules and procedures can be obtained on the court's website at https://www.casd.uscourts.gov or by telephone at (619) 557-5600. *Plaintiff is cautioned that further filings in the Eastern District of California related to this case will be disregarded.*

IT IS SO ORDERED.

Dated: June 14, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE